IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          *

GLORIA RIVERA DE DAVILA                        CIVIL ACTION NO.
A/K/A GLORIA RIVERA VDA DAVILA

     Plaintiff                            VIOLATION A.D.A. TITLE III

                                    VIOLATION FAIR
                                    HOUSING ACT

Vs

MORA DEVELOPMENT CORPORATION
CLEOFE RUBI, PRESIDENT
ASSOCIATION OF CONDOMINIUM
TORRE CIBELES
BOARD OF DIRECTORS CONDOMINIUM
TORRE CIBELES
INSURANCE COMPANY "J" AND "Y"

     Defendant
--------------------------------------------------------------*

VERIFIED COMPLAINT

TO THE HONORABLE COURT:

Now Comes; GLORIA RIVERA DE DAVILA, A/K/A GLORIA RIVERA VDA

DAVILA, through the undersigned attorney and very respectfully prays and alleges:

INTRODUCTION

PLAINTIFF brings this action individually and on behalf of all other similarly

affected against MORA DEVELOPMENT CORPORATION, developer of

CONDOMINIUM TORRE CIBELES, its president CLEOFE RUBI, its Executive Officer

Maria Elena Rubi, its agents and/or officers JANE DOE and RICHARD ROE, names

unknown;      against ASSOCIATION OF CONDOMINIO TORRE CIBELES, its

administrator;   Anelam Services Corp., through its administrator Carmen M. Rivera Vazquez, against its BOARD OF DIRECTORS,  through its President JOSE ENRIQUE COLON SANTANA, agents/officers and/or others JANE DOE and RICHARD ROE, unknown names.   Hereinafter mentioned as Defendants)

(Exhibit A, Exhibit B) (Exhibit C  - DISRICT COURT FINES MORA FOR VIOLATION OF LAW)

JURISDICTION AND VENUE

This Court has jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. §§1391 and 1400 because all of the above captioned defendants reside or have their principal place of business in and the claims alleged in this Complaint arose in this judicial district.

APPLICABLE LAW

Americans with Disabilities Act Title III (Unfair Discrimination for persons with disabilities for reasonable accommodation). 42 U.S.C.§12102

Fair Housing Act:  "Fair Housing regulations provide only two examples in which a reasonable accommodation would need to be granted to a disabled Individual:

(1) a blind tenant who requires the use of a seeing-eye dog at a property that prohibits pets; and

(2) a tenant with a mobility impairment who requires a parking space be reserved for him near his dwelling. "

ACCESSIBLE PARKING IS A NECESSITY NOT JUST A NICETY.

"Newly built apartments and condos must provide accessible parking for

residents." For this, reason the Americans with Disabilities Act (ADA) and the Fair Housing Amendments Act of 1988 require new apartment buildings and condominiums to provide accessible parking for residents.  Regulations governing accessibility apply to any parking lot that has been constructed or re-striped after January 1, 1992. Accessible parking spaces must be at least 60 "access aisle……..

In properties with accessible living units, the accessible parking should be located immediately outside the doors to those units...Residential property owners and managers are responsible for reserving and allocating accessible parking spots to tenants who need them. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities, equal opportunity to use and enjoy a dwelling, 42U.S.C.§3604)f)(3)(B).

Managers must provide reasonable accommodations to tenants who require accessible parking.  For example, if a non-disabled tenant currently is using an accessible spot, the manager can require that tenant to accommodate the disabled tenant by giving up the accessible spot for another space. The manager also has the option to create one or more new accessible spots when and where needed.

The same rules apply to condominiums and other owner-occupied units.  Owners 'Associations either can require a non-disabled tenant using an accessible parking space to accommodate a disabled tenant by switching parking spots, or create new accessible spots to meet tenants' needs.

INJUNCTION FOR DISCRIMINATION

Defendants and all other persons in active concern or participation with them are hereby enjoined from:

Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(F)(3)(B)

ALLEGATIONS

1.   That Plaintiff and her husband the late attorney WILLIAM DAVILA DE PEDRO are the owners of Apartment Number 1413 at Condominium Torre Cibeles, Tower 1, located at 592 Ave Cesar Gonzalez, San Juan, Puerto Rico 00918.

2.   That plaintiff and her late husband purchased the said apartment by Deed Number 319, before Notary Public Rafael A. Malave Lebron on September 28, 2007. (See title study Exhibit D) (Exhibit E)

3.   That plaintiff has resided at said apartment continuously.

4. That when plaintiff and her late husband WILLIAM DAVILA DE PEDRO moved into their apartment (1413 Tower 1) there were three designated handicap parking spaces on the parking level which gave direct access to the door leading to the second floor entrance to the elevator.   (Exhibit F – MORA DEVELOPMENT CORP AS ADMINISTRATOR OF CONDOMINIUM TORR CIBELES, Mismanagement, and failure to address issues)  (Plot Plan -Exhibit G)

5.   That all three designated handicap parking spaces, to wit 172, 173 and 178 were painted with blue paint and a handicap symbol was painted on the floor clearly showing symbol of handicap parking on all three designated handicap parking spaces. (Exhibit H)

6.   That the late WILLIAM DAVILA DE PEDRO, was a handicapped person and as such would park in the designated handicap parking spaces.

7.   That on or about March 13, 2013, after returning from a week-end away, and upon arriving at the Condominium Torre Cibeles, plaintiff visibly saw that the designated Handicap Parking Spaces had been altered.  The blue paint had been painted over with gray paint, trying to cover up the symbol used for handicap and the blue lines were painted over in yellow.  A sign was put up by the Association of Condominium Torre Cibeles stating that these were private parkings. Attached are copy of photo identifying said parking spaces. (Exhibit H)

8.   That two of the mentioned designated handicap-parking spaces were privately sold to Condominium owner of Apartment #1713, Mr. Calixto Colon Marrero, and the designated handicap parking spaces are used by two young healthy doctors, which have no disabilities, are perfectly healthy and have no disabled parking permit and upon information and belief are renters and not the owners of Apartment 1713, Tower 1, Condominium Torre Cibeles.

9.   That upon attempting to park in the already designated handicap parking Spaces, both plaintiff and her late husband  were told by Dr. Luis Garcia Paredes ,a Radiologist, Medical Doctor and his spouse, Dr. Garcia, that they could no longer park in the designated handicap parking spaces as they were owned by them, and had been privately purchased, and plaintiff and her late husband  were threatened by Dr. Garcia and Dr. Garcia's spouse (also a doctor in medicine) that if plaintiff parked their car at the designated handicap parking spaces they would call the police and/or other authorities to take action against them.    Also, Mr. Calixto Colon Marrero addressed a letter to the Association of Cond. Torres Cibeles, stating, "that if his, he, or his son Dr. Luis Fernando Garcia Paredes, or Mrs. Mayra Paredes suffered any danger as result of Plaintiff using the designated handicap parking spaces they would hold the Condominium liable and

responsible for such actions on plaintiff's part. Notwithstanding, that Dr. Garcia Paredes is an adult, his surname is not Colon, which clearly states he is not the offspring of Mr. Colon, and is capable of caring for himself as a young healthy doctor in medicine, and what harm could plaintiff and her late husband, golden age condominium owners could have possibly inflicted upon him? (Attached is copy of letter sent by Administrator of Condominium Torre Cibeles addressed to the late WILLIAM DAVILA DE PEDRO.) The contents of the letter is also a threat against plaintiff. (Exhibit Q)

10. That the health of plaintiff's late husband deteriorated greatly and the Condominium, in an attempt to resolve the handicap-parking problem reasonable accommodation, assigned a handicap parking space for him at the entrance to Tower II very far from the entrance to Tower #1. Said parking resulted not to be a reasonable accommodation at all, and the healthy doctors continued to use the designated handicap spaces parking numbers 173-178, as well as parking space #171. On all three parking spaces, they installed a parking stopper so that no one could park their car at the already mentioned designated handicap parking spaces.

11. Upon the demise of plaintiff's late husband on March 30, 2021 no longer was Plaintiff allowed the use of the designated handicap parking space and it was transferred to a Disabled Condominium owner from Tower II , and on August 10, 2021 Plaintiff, who has a handicapped placard, proceeded to file a Complaint at the Department of Justice for discrimination against her as Department of Transportation and Public Works had issued her a Permit for Disabled Parking for persons with Disabilities (Attached is copy of Complaint filed and copy of Disability Parking Permit and copy of receipt of facsimile sent to D.O. J). The Administration of Condominium Torre Cibeles acknowledged receipt of Plaintiff's request for a reasonable accommodation. (Attached is copy of electronic mail

sent by Administrator of Condominium Torre Cibeles, (Ms. Carmen Rivera Vazquez)  ( Exhibit I, Exhibit J, Exhibit K, Exhibit L) (Exhibit R)

12.   Defendants, have always had prior knowledge of the  allegations alluded to in this Complaint, yet willfully, negligently, without regard to the most basic human needs, rights, and compassion; and in clear violation of AMERICANS WITH DISABILITY ACT Title 111, sold privately, first the two marked handicap-designated parking spaces (173 and 178) and thereafter sold the third designated parking space (#172) privately, after plaintiff's late husband was on the waiting list for a Reasonable Accommodation.  These willful actions were committed after the developer MORA DEVELOPMENT CORPORATION had registered the designated handicap parking spaces in their Matrix - Mother Deed,  (Escritura Matriz) in compliance with the law.

13.   The fact that there are no designated handicap parking spaces at Tower I of the Condominium Torre Cibeles, directly in front of the door giving entrance to the second floor elevator is a willful act on the part of all those involved, including MORA DEVELOPMENT CORPORATION, its President, its agents and/or officer, Board of Directors of Condominium Torre Cibeles, Condominium Association for Torre Cibeles, its agents and/or officers, "Consejo de Titulares Condominium Torre Cibeles, its agents and/or officers but not limited to these.

14.  Plaintiff demands that the three designated handicap parking spaces be returned to the Condominium as required by law and as Registered at the Registry of the Property at plot of Condominium in Mother Deed.  The Registrar of the Property, and/or its agents would not have registered the Condominium if the plot plan had not included the designated handicap parking spaces as required by law. Exhibit M, Exhibit N)

15. The actions of those who sold the designated handicap parking spaces as well as those who purchased the designated handicap parking spaces (two which were purchased and are occupied by perfectly healthy medical doctors, (#173 and 178) are a clear violation of A.D.A. Title III, all to detrimental of those who suffer from disabilities and as such have been granted a handicap parking permit by the Department of Transportation of Puerto Rico.    Plaintiff   is one who was granted a handicap-parking permit by the Department of Transportation of Puerto Rico, yet has not be assigned a reasonable accommodation for parking. (Exhibit 0)

16. It is appalling that a developer would sell for a profit, and a condominium Owner, would purchase, what is not for sale, knowing that their willful actions have major consequences for those with disabilities.

17. Defendants have acted with total disregard to the needs of disabled persons who lack mobility due to health conditions;  with total disregard for compassion, human kindness, common decency and human compassion, with no signs of regret for their actions, no integrity or morale, by selling  that which is not for sale or purchase, to wit, designated handicap parking spaces and that they would willfully and knowingly take such action as to deprive others who suffer disabilities, of their rights to park in a designated handicap parking space close to the entrance door to the elevator, when those who purchased are perfectly healthy and do not suffer any disability..  Can they walk a mile in our shoes?

18. The actions taken by all who have deprived and/are depriving persons with Disabilities to have accessible and reasonable accommodation to park in a designated handicap parking space are a clear and willful violation of A.D.A. Title III and must be addressed by this court, as this is a court of equity.

19.  Plaintiff demands that all designated handicap parking spaces as designated in plot plan and registered at the Mother Deed  "Escritura Matriz" be returned to Condominium Torre Cibeles, Tower 1 for rightful use and benefit of those who have been issued a disabled parking permit by the Department of Transportation of Puerto Rico and/or that those who privately  purchased the  three designated handicap parking spaces be ordered to cease from parking in the designated parking spaces so that reasonable accommodation can be made for Plaintiff and others that suffer from disabilities and have been issued Disability Parking Permit "Placard" by the Department of Transportation of Puerto Rico and/or that they cede the designated parking spaces located at Tower 1 of Condominium Torre Cibeles, giving access to  the door of the entrance to the second floor elevator, to those who  need reasonable accommodation due to disabilities, with any other remedy that this Court deems honorable, just and appropriately.

## REQUEST FOR RELIEF

Plaintiff respectfully requests from this Honorable Court to enter judgment in her favor and against all Defendants, as follows:

a. Compensatory damages under ADA in the amount of $300,000.00;

b. Nullification of the transfer of the parking spaces originally designated for handicaps;

c. Attorney's fees, litigation expenses and costs pursuant to Sec. 12205 of ADA.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 22nd day of September of the year of our Lord 2021

/S/EMILY DARICE DAVILA RIVERA
EMILY DARICE DAVILA, ESQ
USDC-PR #214503
420 PONCE DE LEON AVE
MIDTOWN SUITE 311-312
SAN JUAN, PR  00918
TEL 787 250-1534, 525-2696
davilalaww@prtc.net
davilalawe@prtc.net

UNSWORN DECLARATION UNDERPENALTY OF PERJURY

I, GLORIA RIVERA DE DAVILA, of legal age, widow, administrator and resident of Condominio Torre Cibeles I, Apartment 1413, 592 Cesar Gonzalez Avenue, San Juan, Puerto Rico 00918 duly declare under the laws of Perjury of the United States of America the following.

1.   That I am the plaintiff in the above captioned case.

2.   That I have reviewed and read the Complaint in the above captioned case and all the information contained in the allegations are true.

3.    That I have personal knowledge of the allegations contained in the Complaint and the same are true to the best of my knowledge and belief.

    That to so attest I sign his Unsworn Statement under the Laws of Penalty of Perjury of the United States of America,   in San Juan, Puerto Rico on this 16th day of September of the year of our Lord 2021

*Gloria rivera de davila*
/s/ GLORIA RIVERA DE DAVILA